THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF, v. THE KNICKERBOCKER LIFE INSURANCE COMPANY, DEFENDANT.

(CLAIM OF ESTATE OF JOHN W. LEWIS, DECEASED, ON POLICY.)

*Valuation of the claim of a policyholder of an insolvent life insurance company—when it should be valued as a death claim.*

An order was made directing a claim, under a policy issued by the defendant, to be filed with the receiver as of August 15, 1883, and directing a reference for its valuation. Before the hearing the person upon whose life the policy was issued died, and evidence was given tending to prove that at the time when the company became insolvent and suspended its business he had attained an age and had become subject to a mortal disease which would have precluded a reinsurance or further insurance of his life by any life insurance company in good standing. This disease continued until the time of his death; and was in part the cause of that event. It was shown upon the hearing that no disturbance in the accounts or dividends of the receiver would be made by valuing this as a death claim, and that it could be provided for and disposed of as such without substantial injustice to other claimants.

*Held*, that the referee did not err in valuing the claim as a death claim.

APPEAL from an order sustaining exceptions to the report of a referee upon the valuation to be placed upon a policy of insurance issued upon the life of John W. Lewis for the sum of $10,000.

*John B. Green*, for the claimant, appellant.

*James M. Gifford*, for the receiver, respondent.

DANIELS, J.:

An order was made directing the claim under the policy to be filed with the receiver as of the 15th of August, 1883, and a refer-

ence was ordered directing the application for its valuation to be heard and decided by a referee. Before the hearing took place upon this reference the person upon whose life the policy was issued died, and evidence was given tending to prove that at the time when the company became insolvent and suspended its business, he had attained an age and had become subject to a mortal disease which would have precluded a reinsurance or further insurance of his life by any life insurance company in good standing. This disease continued until the time of his death, and was in part the cause of that event. The referee upon this evidence considered and decided that the claim upon the policy should be valued as a death claim, which would place it at the sum of $1,184.56. The court, on the hearing of the application to confirm the referee's report, differed with him in this conclusion, and held the claim to be one that should be valued as a running claim, the valuation of which would not exceed the sum of eighty-eight dollars and eighty-four cents.

It was shown upon the hearing that no disturbance in the accounts or dividends of the receiver would be made by the valuation of this as a death claim, and that it could be provided for and disposed of as such without introducing the least confusion in the computations or proceedings of the receiver, and without substantial injustice to other claimants. In that, as well as in some other respects, the case presented was similar to that of *People* v. *Knickerbocker Life Insurance Company* (34 Hun, 476). And it materially differed from the case of Henderson, where the claim had been valued as a running claim, and where, after his decease, an application was made to open the proceedings for its valuation as a death claim, it was considered, under these circumstances, as coming too late, and, therefore, not to be permitted to the prejudice or confusion of the proceedings which had already taken place.

In the present case no valuation of this claim had at any time been made before the hearing, but it was referred to the referee to hear the proof and determine upon the valuation which should be placed upon it. The proof was such, and such only, as to indicate the claim upon this policy to have been what the law has permitted to be considered as a death claim. That was the only subject committed to the hearing and decision of the referee. And under the

rule which has been applied to the disposition of this class of claims, he was fully justified in regarding this, as the evidence directly tended to prove it to be, a death claim, and entitled, under the authorities, to be valued as such. (*People v. Security Life Ins. Co.*, 78 N. Y., 114; *Attorney General* v. *Guardian, etc., Ins. Co.*, 82 id., 336; *Attorney General* v. *Cont. Ins. Co.*, 88 id., 77.)

As the facts were proven upon the hearing, no other view of this claim than that it was in fact a death claim at the time when the company became insolvent, although that may not then have been fully known or understood, was supported by the evidence. The exceptions taken to the referee's report should have been overruled, and the report itself confirmed.

The order from which the appeal has been taken should be reversed, with the usual costs and disbursements, and an order to that effect made in the proceeding.

BRADY, P. J., concurred.

Order reversed, with ten dollars costs and disbursements.